UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WESLEY THOMAS GALLOP, JR., #1071140,

    Petitioner,

v.    ACTION NO. 2:16cv695

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

Before the Court is a Petition and Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF Nos. 1 and 7, and the Respondent's Motion to Dismiss the Petition, ECF No. 14. In his Petition and Amended Petition, *pro se* Petitioner alleges violations of his constitutional rights in relation to his convictions for second-degree murder and use of a firearm in the commission of a felony in the Circuit Court for the City of Norfolk. As a result of these convictions, Petitioner was sentenced to thirty-eight (38) years in the Virginia state penitentiary.

The Petition and Amended Petition were referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's

Report and Recommendation filed January 31, 2018, recommends dismissal of the Petition and Amended Petition with prejudice. ECF No. 32. On February 14, 2018, Petitioner timely filed objections to the Report and Recommendation. The Respondent has not responded to Petitioner's objections and the time to do so has expired.

The Court, having reviewed the record and examined the objections to the Report and Recommendation filed by Petitioner, and having made *de novo* findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation filed January 31, 2018. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and that the Petition and Amended Petition, ECF Nos. 1 and 7, be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of the Respondent.

On February 14, 2018, Petitioner also filed a Motion to Appoint Counsel, (for the third time), and a Motion to Amend Pleadings. The Court finds, as it did when denying Petitioner's previous two requests for appointment of counsel, there is no constitutional right to counsel in non-capital federal habeas corpus proceedings. *See McCleskey v. Zanl*, 499 U.S. 467, 495 (1991) (citation omitted); *Pennsylvania V. Finley*, 481 U.S. 551,

555 (1987) (citations omitted). Although the Court may exercise its discretion and appoint counsel to represent an indigent party in civil litigation pursuant to 28 U.S.C. § 1915(e)(1), see *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (citations omitted), Petitioner, here, has again failed to allege any "exceptional circumstances" warranting the appointment of counsel in this case, see *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted); *Griffin v. Virginia*, 606 F. Supp. 941, 943 (E.D. Va. 1985) (citation omitted). Accordingly, Petitioner's Motion to Appoint Counsel, ECF No. 34, is **DENIED**. Petitioner's Motion to Amend Pleadings, ECF No. 35, is also **DENIED as MOOT**. As reported in the Report and Recommendation, Petitioner raises Claim 2 for the first time in the instant Petition and is therefore procedurally barred from raising the same.[1] Notwithstanding this determination, the

---

[1] Petitioner contends in his objections to the R&R that Claim 2 cannot be resolved by this Court because it is not "exhausted." However, in habeas proceedings, "state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). Here, as any attempt by Petitioner to return to state court to raise Claim 2 would be both untimely and successive under state law, Petitioner's claim is both "exhausted" and procedurally defaulted. *See* ECF No. 32 at 7. Because Petitioner fails to demonstrate a valid basis to overcome his procedural default, he is "barred from asserting [Claim 2] in a federal habeas proceeding." *Woodford*, 548 U.S. at 93.

Court separately finds the claim to be meritless. *See* ECF No. 32 at 23-24; 28 U.S.C. § 2254(b)(2).

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for the Respondent.

It is so **ORDERED**.

/s/ 
Mark S. Davis
United States District Judge

MARK S. DAVIS
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 20, 2018